# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| In re | Chapter 13 |
| PRISCYLA GARAJAU, | Case No. 10-18478-FJB |
| Debtor | |

**MEMORANDUM OF DECISION ON**
**CHAPTER 13 TRUSTEE'S MOTION FOR ORDER DISMISSING CASE**

The matter before the court is the motion of the chapter 13 trustee, Carolyn Bankowski (the "Trustee"), for an order dismissing the bankruptcy case of debtor Priscyla Garajau (the "Debtor"). The Trustee alleges that where certain real property of the Debtor has appreciated in value as a result of a post-confirmation settlement of a lawsuit involving a right of way that serviced the property, the new equity must effectively be devoted to the general unsecured creditors, and that the Debtor's failure to amend her confirmed plan to do so constitutes bad faith that is cause for dismissal pursuant to 11 U.S.C. § 1307(c). The Debtor argues that the value of the Property is determined as of the petition date or no later than upon confirmation of a Chapter 13 plan; but the settlement was entered into *after* confirmation of her chapter 13 plan, and therefore the new equity need not be devoted to general unsecured creditors.

**Procedural History and Facts**

This case was filed on August 4, 2010. Since before that date, the Debtor has owned the real property at 125 Heath Street, Somerville, Massachusetts (the "Property"). As of the date of her bankruptcy filing, the Debtor valued the Property at $275,913, and the Property was subject to a mortgage securing debt of $281,362.

Before her bankruptcy filing, the Debtor had commenced an action in Middlesex Superior Court regarding a right of way that serviced the Property.  After the Debtor had purchased the Property, the state-court defendants had constructed a fence that blocked the Debtor's use of the right of way and prevented the Debtor from using her rear lots for parking spaces.  The defendants had also signed and recorded a document with the Registry of Deeds that purported to remove a parking easement from the Property.  Through the litigation, the Debtor sought to regain the use of the right of way and to have the inappropriate document removed from the Registry of Deeds.  Though the Debtor did not initially disclose the lawsuit in her bankruptcy schedules, on March 9, 2011, she amended the relevant schedule by listing the then pending lawsuit and valuing it at $8,000.00; and she also amended her schedule of property claimed as exempt by claiming the lawsuit as exempt under 11 U.S.C. § 522(d)(5) to the extent of $8,000.  The Debtor's Chapter 13 plan was confirmed on December 20, 2011; under it, she is obligated to make payments of $268 per month for 36 months, which will fund a one percent (1%) distribution to general unsecured creditors.  The plan was confirmed on the basis of a liquidation analysis, set forth by the Debtor in the plan itself for purposes of § 1325(a)(4), showing no value for unsecured creditors in the Property or in the lawsuit, and no value in any asset that would be available for distribution to creditors were this a case under chapter 7.

After confirmation of the plan, the Debtor entered into a settlement agreement as to the state court action (the "Settlement") and, on September 11, 2012, moved in the bankruptcy court for approval of the Settlement.  By order of September 20, 2012, the Court approved the Settlement.  The Settlement resulted in (i) removal of the fence at no expense to the Debtor, (ii) the execution of an appurtenant covenant regarding the passageway at issue running with the land forever, which ensured keeping the passageway passable, unobstructed, and clear forever to allow ingress, egress, and parking of vehicles, and (iii) mutual releases.  On February 5, 2013, at the Trustee's request, the Debtor adduced

a new, post-Settlement appraisal for the Property that showed a value of $359,000. The Debtor has not moved to modify her plan to increase the dividend to unsecured creditors.

On account of her failure to move to modify the plan to increase the dividend by an amount corresponding to the amount of her post-Settlement equity in the Property, less exempt portions thereof and costs of liquidation, the Trustee filed the present motion to dismiss. The Court held a preliminary hearing and ordered the Debtor to file a memorandum of law in support of her position as to when the Property should be valued and instructed the Trustee to file a subsequent reply to the Debtor's memorandum of law. Neither party requested an evidentiary hearing.

The Trustee's contention is that, in view of the new value of the Property, it is bad faith for the Debtor *not* to modify her plan to increase total payments under the plan by such an amount as would satisfy § 1325(a)(4), given the new valuation of the Property. This would result in a substantial increase in total plan payments; the precise amount is neither determined nor necessary. The Debtor states that she cannot afford to increase the amount of her monthly plan payment and therefore, if required to modify her plan, would be forced to sell the Property in order to fund the increased dividend, and this would itself defeat the purpose of the plan. As the Debtor made this statement in a brief to which no response was required, the Trustee's position on it is unclear.

**Jurisdiction**

The matter before the Court is a motion for order dismissing case. This matter arises under the Bankruptcy Code and in a bankruptcy case and therefore falls within the jurisdiction given the district court in 28 U.S.C. § 1334(b) and, by standing order of reference,[1] referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). This matter is a core proceeding within the meaning of 28 U.S.C. §

---

[1] The order of reference is codified in the district court's local rules at L.R. 201, D. Mass.

157(b)(1).[2]  Under these statutes, the bankruptcy court has authority to enter a final order on a motion to dismiss.

**Discussion**

The parties have briefed this motion as if it were one to modify the confirmed plan or perhaps to vacate the confirmation order.  It is neither.  The Trustee has not moved to modify the plan, does not seek to vacate or revoke the confirmation order, and does not contend that the confirmation order is in any respect infirm, subject to challenge, or the result of error or mischief.  Rather, the only relief she seeks is dismissal of the case under 11 U.S.C. § 1307(c) (permitting the court to dismiss a case under chapter 13 "for cause"); the sole cause she advances for dismissal is bad faith; and the sole basis she advances for a finding of bad faith is that the Debtor has not moved to modify her confirmed plan.

Section 1307(c) of the Bankruptcy Code states in relevant part that "the court . . . may dismiss a case under this chapter . . . for cause[.]"  11 U.S.C. § 1307(c).  It goes on to enumerate eleven things that constitute "cause," none of which are bad faith or lack of good faith, but the list, headed by the word "including," is not exhaustive.  *Id*.; 11 U.S.C. § 102(d) ("In this title, 'includes' and 'including' are not limiting.").  The Trustee has adduced no authority for the proposition that, in the circumstances of this case or any circumstances at all, failure of a debtor to modify a confirmed plan constitutes bad faith or other cause for dismissal; and I know of no such authority.

The Bankruptcy Code, which expressly addresses the "modification of a plan after confirmation" in § 1329, nowhere *requires* a chapter 13 debtor to modify a confirmed chapter 13 plan for any reason or in any circumstance.  Rather, on that subject, § 1329 is entirely permissive:  "At any time after confirmation of the plan but before the completion of payments under such plan, the plan *may* be modified[.]"  11 U.S.C. § 1329(a) (emphasis added).  That same subsection goes on to specify who may

---

[2] See 28 U.S.C. § 157(b)(2)(A), (L), and (O) (core proceedings include matters concerning the administration of the estate, confirmations of plans, and proceedings affecting the liquidation of the assets of the estate.

4

request a modification: the plan may be modified "upon request of the debtor, the trustee, or the holder of an allowed unsecured claim[.]" *Id*. Accordingly, when a chapter 13 trustee believes a confirmed plan should be modified, she may herself move to modify the plan. In view of the expressly permissive and non-mandatory language of § 1329(a), and of the ability thereunder of a trustee or creditor to seek modification where a debtor does not, I conclude that the Bankruptcy Code has addressed the matter of modification and has deliberately stopped short of making it mandatory in any circumstance. As a matter of law, there is no bad faith in a debtor's not doing what the Bankruptcy Code permits her not to do, especially where the trustee may herself do the deed if she (the debtor) does not.

I need not address the specific facts of this case, which are in any event undeveloped, even as a matter of allegation. The Trustee has not even specified the details of the modifications she would fault the Debtor for not implementing. The Court therefore is in no position to evaluate the merits of any proposed modification. I do not purport by the order on the present motion to do so.

**Conclusion**

For the reasons set forth below, the Trustee's motion for order dismissing the case will be denied.

Date: September 30, 2013

_____
Frank J. Bailey
United States Bankruptcy Judge

5