UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

| In re | Chapter 13 |
| --- | --- |
| PRISCYLA GARAJAU, | Case No. 10-18478-FJB |
| Debtor | |

**MEMORANDUM OF DECISION ON**
**CHAPTER 13 TRUSTEE'S MOTION FOR MODIFICATION OF PLAN AFTER CONFIRMATION**

The matter before the court is the motion of the chapter 13 trustee, Carolyn Bankowski (the "Trustee"), for an order modifying the confirmed plan of debtor Priscyla Garajau (the "Debtor"). The Trustee alleges that where certain real property of the Debtor has appreciated in value as a result of the post-confirmation settlement of a lawsuit involving a right of way that serviced the property, the new equity must effectively be devoted to the general unsecured creditors, and therefore the confirmed plan should be modified to increase the payment to unsecured creditors by some $73,000. The Debtor opposes the motion on numerous grounds.

**Procedural History and Facts**

This case was filed on August 4, 2010. Since before that date, the Debtor has owned the real property at 125 Heath Street, Somerville, Massachusetts (the "Property"). As of the date of her bankruptcy filing, the Debtor valued the Property at $275,913, and the Property was subject to a mortgage securing debt of $281,362.

Before her bankruptcy filing, the Debtor had commenced an action in Middlesex Superior Court regarding a right of way that serviced the Property. After the Debtor had purchased the Property, the state-court defendants had constructed a fence that blocked the Debtor's use of the right of way and

prevented the Debtor from using her rear lots for parking spaces.  The defendants had also signed and recorded a document with the Registry of Deeds that purported to remove a parking easement from the Property.  Through the litigation, the Debtor sought to regain the use of the right of way and to have the inappropriate document removed from the Registry of Deeds.  Though the Debtor did not initially disclose the lawsuit in her bankruptcy schedules, on March 9, 2011, she amended the relevant schedule by listing the then-pending lawsuit and valuing it at $8,000.00; and she also amended her schedule of property claimed as exempt by claiming the lawsuit as exempt under 11 U.S.C. § 522(d)(5) to the extent of $8,000.  The Debtor's Chapter 13 plan was confirmed on December 20, 2011; under it, she is obligated to make payments of $268 per month for 36 months, which will fund a one percent (1%) distribution, totaling just $946, to general unsecured creditors.  The plan was confirmed on the basis of a liquidation analysis, set forth by the Debtor in the plan itself for purposes of § 1325(a)(4), showing no value for unsecured creditors in the Property or in the lawsuit, and no value in any asset that would be available for distribution to creditors were this a case under chapter 7.

     After confirmation of the plan, the Debtor entered into a settlement agreement as to the state court action (the "Settlement") and, on September 11, 2012, moved in the bankruptcy court for approval of the Settlement.  By order of September 20, 2012, the Court approved the Settlement.  The Settlement resulted in (i) removal of the fence at no expense to the Debtor, (ii) the execution of an appurtenant covenant regarding the passageway at issue running with the land forever, which ensured that the passageway would remain passable, unobstructed, and clear forever to allow ingress, egress, and parking of vehicles, and (iii) mutual releases.  On February 5, 2013, at the Trustee's request, the Debtor adduced a new, post-Settlement appraisal for the Property that showed a value of $359,000.  The Debtor has not moved to modify her plan to increase the dividend to unsecured creditors.

     On account of her failure to move to modify the plan to increase the dividend by an amount corresponding to the amount of her post-Settlement equity in the Property, less exempt portions

thereof and costs of liquidation, the Trustee filed a motion to dismiss the bankruptcy case. On October 1, 2013, the Court denied that motion. In its memorandum of decision, the Court held that the Bankruptcy Code "nowhere *requires* a chapter 13 debtor to modify a confirmed chapter 13 plan for any reason or in any circumstance"; and the Court further held that, pursuant to 11 U.S.C. § 1329(a), "when a chapter 13 trustee believes a confirmed should be modified, she may herself move to modify the plan."

The Trustee then filed the present motion, one pursuant to 11 U.S.C. § 1329(a) to modify the confirmed plan. The Trustee seeks to modify the plan in only one respect: by increasing the amount to be paid to unsecured creditors from $946.60 to $76,600.00, an increase that, according to the Trustee, equals the increase in the Debtor's equity. The Trustee has not filed a proposed modified plan. Nor has she requested any other modification to the confirmed plan. The Debtor opposes the proposed modification on numerous grounds.

**Jurisdiction**

The matter before the Court is a motion to modify a confirmed chapter 13 plan. It arises under the Bankruptcy Code and in a bankruptcy case and therefore falls within the jurisdiction given the district court in 28 U.S.C. § 1334(b) and, by standing order of reference (codified at L.R. 201, D. Mass.), referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1). Under these statutes, the bankruptcy court has authority to enter a final order on the motion.

**Discussion**

It is important at the outset to be clear on what is before the Court. The Trustee does not ask the Court to vacate or revoke the original confirmation order; and, although she maintains that the confirmed plan could not today be confirmed, she alleges no infirmity in the order confirming it. Rather,

she would have the Court, under § 1329(a), approve a modification to the plan, the effect of which would be to substitute a new confirmed plan for the old.  At times in her argument, the Trustee seems to be seeking an order to compel the Debtor to modify her plan, but the motion she has filed is not one to compel.  I do not understand § 1329(a) to require a debtor to modify or authorize the court to compel a debtor to modify.  Section 1329(a) is not compulsory but permissive.  It only permits parties to modify the plan.  11 U.S.C. § 1329(a) ("the plan *may* be modified upon request of the debtor, the trustee, or the holder of an allowed unsecured claim" (emphasis added)).  Here, the Trustee seeks only to modify the plan, not to compel.  The confirmed plan will be displaced only to the extent that the trustee succeeds in modifying it and thus puts in place a superseding plan.

Modification of a confirmed plan requires a request.  11 U.S.C. § 1329(a) (a plan may be modified "upon request").  The request must be accompanied by the proposed modification. Fed. R. Bankr. P. 3015(g) ("A request to modify a plan pursuant to . . . § 1329 of the Code shall . . . be filed together with the proposed modification.").  The local rules of this district require that the proposed modification be filed as part of an amended plan.[1]  "The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved."  11 U.S.C. § 1329(b)(2).

Subsection 1329(b)(1) makes clear that § 1322(a) of the Bankruptcy Code applies to any modification under § 1329(a).  11 U.S.C. § 1329(b)(1).  Section 1322(a) is a requirement, a necessary condition of confirmation:  "[t]he plan shall provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan."  11 U.S.C. § 1322(a)(1).  This requirement includes, among other things, the unremarkable mandate that the funds being paid into a plan be sufficient to execute the plan, to fund the distributions it promises.

---

[1] The applicable rule, on "Amendments to Plan After Confirmation," states:  "The Court shall not consider any amendment to a plan unless they are set forth in an amended plan that conforms to MLBR Official Local Form 3A." MLBR App. 1, Rule 13-12(c).

4

The modification sought by the trustee does not satisfy this requirement. The Trustee has proposed an increase in the total distributions under the plan and therefore in the total cost of the plan. She has not also proposed a corresponding increase in the plan's funding. The resulting modification would create an imbalance and infeasibility: the Trustee, as distributing agent, would be obligated to pay the cost of the new plan with the funding of the old.[2] The proposed modification must therefore be denied.

The Trustee's motion also suffers from the procedural defect that she has failed to file a plan that incorporates her proposed modification. This requirement, with which debtors are expected to and routinely do comply when they seek to modify their plans after confirmation, applies also to the proposed post-confirmation modifications of trustees and unsecured creditors. When a party moves under § 1329(a) to modify a confirmed plan, that party bears the burden of specifying all the modifications necessary to render the modified plan confirmable over objection.

A separate order will enter denying modification.

Date: January 23, 2014

_____
Frank J. Bailey
United States Bankruptcy Judge

---

[2] The Trustee does not dispute that the Debtor cannot fund the increase from earnings or other income but asserts that "a modified plan is feasible, as the Debtor can liquidate the real estate and/or refinance in order to pay the value of the non-exempt equity to her creditors." Because she has proposed no such modification to the funding of the plan, the Court need not conduct an evidentiary hearing to determine the feasibility of a refinancing or whether sale of the property would generate sufficient value to cover the proposed increase in distributions. It is not a debtor's burden to propose funding modifications to match a trustee's proposed increases in disbursements.